**Enver SELMANI, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–1635–ag.**

United States Court of Appeals, Second Circuit.

Jan. 29, 2008.

Glenn L. Formica, New Haven, CT, for petitioner.

Peter D. Keisler, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Jamie M. Dowd, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Enver Selmani, a native and citizen of Macedonia, seeks review of a March 26, 2007 order of the BIA affirming the August 29, 2005 decision of Immigration Judge ("IJ") Michael W. Strauss, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Enver Selmani,* No. A98 399 421 (B.I.A. Mar. 26, 2007), *aff'g* No. A98 399 421 (Immig. Ct. Hartford, Conn. Aug. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). However, when the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir.2005). Here, the BIA did not "adopt" the IJ's decision and found it did not need to reach the IJ's adverse credibility determination, concluding that Selmani had failed to establish that he had suffered past persecution or that he had a well-founded fear of persecution. Accordingly, the only issue is whether the BIA erred in finding that Selmani, presumed to be credible, did not meet his burden of proof on his claims for asylum and withholding of removal.[2] *Cf. Yan Chen,* 417 F.3d at 271–72 (assuming, without determining, an applicant's credibility for purpose of reviewing the BIA's decision).

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). We will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004). We review de novo questions of law

and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We conclude that remand is appropriate in this case because the BIA erred in relying on our opinion in *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007), for the proposition that the "single incident" of "detention and beating" that Selmani described was "insufficient to establish 'past persecution' as a matter of law." In *Ai Feng Yuan,* we found that an applicant who was briefly detained—but not beaten or mistreated—did not suffer harm amounting to persecution. *See Ai Feng Yuan,* 416 F.3d at 195, 198. *In Beskovic v. Gonzales,* 467 F.3d 223 (2d Cir.2006), however, we noted "confusion ... attributable to dicta in *Ai Feng Yuan*" regarding the "standard for assessing past persecution claims that involve allegations of physical harm inflicted on a detainee by government officials." We stated that "*Yuan's* dicta is of no assistance ... where physical mistreatment occurs during detention." *Id.* at 226 n. 3. Additionally, we clarified that "while the difference between harassment and persecution is necessarily one of degree, the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Id.* at 226 (quoting *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332 (2d Cir.2006)) (internal citation omitted).

Here, the BIA appears to have misconstrued our holding in *Ai Feng Yuan* to support a conclusion that Selmani's claim that he was beaten while in detention must

---

**2.** By failing to challenge with specificity the BIA's denial of his application for CAT relief, Selmani has waived any such claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

fail "as a matter of law." In *Beskovic* we expressly rejected the application of *Ai Feng Yuan* to claims such as Selmani's, and held that such claims must be addressed in context. *See Beskovic,* 467 F.3d at 226 n. 3. We cautioned the agency to be "keenly sensitive to the fact that a 'minor beating' . . . may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.* Selmani testified that Macedonian police detained him because, having identified him as an ethnic Albanian, they believed he was a member of the UCK, an anti-government guerilla group, and that when they beat him they stated that because he was Albanian, Macedonia was not "your place to be." *Beskovic,* 467 F.3d at 226. To the extent that such mistreatment appears to have occurred in detention and on account of a protected ground, remand to the BIA for further consideration in light of our holding in *Beskovic. See Gjolaj v. Bureau of Citizenship and Immigration Services,* 468 F.3d 140, 144 (2d Cir.2006) (remanding where the IJ "appear[ed] to have applied a more restrictive standard than the one we identified in *Beskovic* " in assessing applicant's past persecution claim); *see also Gonzales v. Thomas,* 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (finding that when the agency's analysis is lacking, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation").[3]

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED and the case is REMANDED for further proceedings consistent with this order. Any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**3.** Unlike the IJ, the BIA did not make the alternate finding that, even had Selmani suffered past persecution and was thus entitled to presumption of a well-founded fear of future persecution, the Government had demonstrated fundamentally changed circumstances such that his fear was no longer well-founded. 8 C.F.R. § 208.13(b). Likewise, the BIA declined to reach the IJ's adverse credibility finding. Accordingly, there are no independent grounds on which we could affirm the BIA's decision. *See Beskovic,* 467 F.3d at 227.

